Filed by YH  D.C.

Sep 24, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

fUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __19-20616-CR-KING/BECERRA__

18 U.S.C. § 1349
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

TANIA RODRIGUEZ,

           **Defendant.**

_____/

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1.     The Medicare Program ("Medicare") was a federal healthcare program that provided free or below-cost health care benefits to individuals who were sixty-five years of age or older, or disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency the Center for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2.     Medicare was subdivided into multiple program "parts." Part D of Medicare (the "Medicare Part D Program") subsidized the costs of prescription drugs for Medicare beneficiaries in the United States. The Medicare Part D Program was enacted as part of the Medicare

Prescription Drug, Improvement, and Modernization Act of 2003, and went into effect on January 1, 2006.

3. In order to receive Part D benefits, a beneficiary enrolled in a Medicare drug plan. Medicare drug plans were operated by private companies approved by Medicare. Those companies were often referred to as drug plan "sponsors." A beneficiary in a Medicare drug plan could fill a prescription at a pharmacy and use his or her plan to pay for some or all of the prescription.

4. A pharmacy could participate in Part D by entering a retail network agreement directly with a plan or with one or more Pharmacy Benefit Managers ("PBMs"). A PBM acted on behalf of one or more Medicare drug plans. Through a plan's PBM, a pharmacy could join the plan's network. When a Part D beneficiary presented a prescription to a pharmacy, the pharmacy submitted a claim either directly to the plan or to a PBM that represented the beneficiary's Medicare drug plan. The plan or PBM determined whether the pharmacy was entitled to payment for each claim and periodically paid the pharmacy for outstanding claims. The drug plan's sponsor reimbursed the PBM for its payments to the pharmacy.

5. A pharmacy could also submit claims to a Medicare drug plan whose network the pharmacy did not belong. Submission of such out-of-network claims was not common and often resulted in smaller payments to the pharmacy by the drug plan sponsor.

6. Medicare, through CMS, compensated the Medicare drug plan sponsors. Medicare paid the sponsors a monthly fee for each Medicare beneficiary of the sponsors' plans. Such payments were called capitation fees. The capitation fees were adjusted periodically based on various factors, including the beneficiary's medical condition. In addition, in some cases where a

sponsor's expenses for a beneficiary's prescription drugs exceeded that beneficiary's capitation fee, Medicare reimbursed the sponsor for a portion of those additional expenses.

7. Medicare and Medicare drug plan sponsors were "health care benefit program[s]," as defined by Title 18, United States Code, Section 24(b).

**The Defendant and Related Entities**

8. Palmetto Pharmacy Corp. ("Palmetto") was a Florida corporation that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries. Palmetto's principal place of business was 6801 SW 8th Street, Suite 102, Miami, Florida.

9. Ricky's Pharmacy Corp. ("Ricky's") was a Florida corporation that did business in Miami-Dade County, purportedly providing prescription drugs to Medicare beneficiaries. Ricky's principal place of business was 2324 SW 67th Ave., Miami Florida.

10. Defendant **TANIA RODRIGUEZ** was a resident of Miami-Dade County, a co-owner of Palmetto, and an employee of Ricky's.

**CONSPIRACY TO COMMIT HEALTH CARE FRAUD**
**(18 U.S.C. § 1349)**

From in or around March 2008, and continuing through in or around April 2015, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TANIA RODRIGUEZ,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with Ricardo Ignacio Perez, Ricardo Perez-Leon, and others known and unknown to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare

and Medicare drug plan sponsors, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

## Purpose of the Conspiracy

11. It was a purpose of the conspiracy for defendant **TANIA RODRIGUEZ** and her co-conspirators to unlawfully enrich themselves by, among other things: (a) paying kickbacks and bribes to patient recruiters in exchange for referring beneficiaries to Palmetto and Ricky's; (b) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the submission of false and fraudulent claims to health care benefit programs, and the receipt and transfer of fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and her co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things, the following:

12. **TANIA RODRIGUEZ** and her co-conspirators, including Ricardo Ignacio Perez and Ricardo Perez-Leon, paid kickbacks and bribes to Medicare beneficiaries in exchange for allowing Palmetto and Ricky's to submit claims for medically unnecessary prescription medications for those beneficiaries.

13. **TANIA RODRIGUEZ** and her co-conspirators submitted and caused the submission of claims that falsely and fraudulently represented various health care items, primarily

prescription drugs, were medically necessary and provided to Medicare beneficiaries by Palmetto or Ricky's.

14. As a result of such false and fraudulent claims, Medicare prescription drug plan sponsors, through their PBMs, made approximately $4.6 million in overpayments funded by the Medicare Part D Program to Palmetto and Ricky's.

15. **TANIA RODRIGUEZ** and her co-conspirators used the proceeds from the false and fraudulent Medicare Part D claims for their own use and the use of others, and to further the fraud.

All in violation of Title 18, United Stated Code, Section 1349.

## **FORFEITURE**
**(18 U.S.C. § 982(a)(7))**

1. The allegations of this Information are re-alleged and incorporated by reference as though fully set forth herein for purposes of alleging forfeiture to the United States of certain property in which the defendant has an interest.

2. Upon conviction of the violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7). The property subject to forfeiture is $300,581, which the United States will seek as a forfeiture money judgment.

3. If any of the property described above, as a result of any act or omission of a defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred, sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth in Title 21, United States Code, Section 853, made applicable by Title 18, United States Code Section 982(b)(1).

ARIANA FAJARDO ORSHAN  
UNITED STATES ATTORNEY  
SOUTHERN DISTRICT OF FLORIDA

ALLAN MEDINA  
ACTING DEPUTY CHIEF  
CRIMINAL DIVISION, FRAUD SECTION  
U.S. DEPARTMENT OF JUSTICE

By: _____  
SARA CLINGAN  
TIM LOPER  
TRIAL ATTORNEYS  
CRIMINAL DIVISION, FRAUD SECTION  
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

TANIA RODRIGUEZ,

_____ Defendant._____ /

CASE NO._____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New defendant(s)      Yes _____  No _____
Number of new defendants   _____
Total number of counts     _____

**Court Division**: (Select One)
- ✓ Miami
- ___ Key West
- ___ FTL
- ___ WPB
- ___ FTP

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)   Yes
   List language and/or dialect   Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    ✓
   - II   6 to 10 days
   - III  11 to 20 days
   - IV   21 to 60 days
   - V    61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdem.
   - Felony   ✓

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes _____   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes _____   No ✓

_____
SARA M. CLINGAN
DOJ TRIAL ATTORNEY
COURT ID NO. A5502508

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     TANIA RODRIGUEZ

**Case No:** _____

Count #:   1

  Conspiracy to Commit Health Care Fraud

  Title 18, United States Code, Section 1349

**\*Max Penalty**:   Ten (10) years' imprisonment

Count #:

_____

_____

**\*Max Penalty**:

Count #:

_____

_____

**\*Max Penalty**:

Count #:

_____

_____

**\*Max Penalty**:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| | ) | |
| Tania Rodriguez, | ) | |
| *Defendant* | ) | |

**WAIVER OF AN INDICTMENT**

    I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

    After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*